UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                           :
DEBRA DENISE HOGANS,                       :
                         Plaintiff,        :
                                           :      07 Civ. 7721 (DLC)
            -v-                            :
                                           :      OPINION & ORDER
DELL MAGAZINES/PENNY PRESS,                :
                         Defendant.        :
                                           :
------------------------------------------X

Appearances:

Pro Se Plaintiff:
Debra Denise Hogans
1440 Freeport Loop, #15C
Brooklyn, New York 11239

For Defendant:
Steven Eckhaus
Aimee Sato
McCarter & English, LLP
245 Park Avenue
New York, New York 10167

DENISE COTE, District Judge:

  Plaintiff Debra Denise Hogans, proceeding pro se, brought this employment discrimination action against her former employer, defendant Dell Magazines/Penny Press ("Dell"), claiming that defendant terminated her employment in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). Dell has moved to dismiss, contending that Hogans has failed to state a claim upon which relief can be granted because she failed to file a charge with

the Equal Employment Opportunity Commission ("EEOC") within the prescribed statute of limitations. For the following reasons, the motion to dismiss is granted.

BACKGROUND

The following facts are taken from the Complaint.[1] Hogans worked in Dell's production department for over fourteen years, until her employment was terminated on August 4, 2004. According to Hogans, she was told that the company was "[d]ownsizing." Evidently, she believes that this explanation was pretextual, as she claims that the termination of her employment was due to her national origin (which is unspecified in the complaint), age (fifty-three years at the time of her firing), and disability or perceived disability (knee problems, asthma, glaucoma, and osteoporosis). Along these lines, Hogans makes four specific allegations. First, she alleges that her younger, non-disabled co-worker, Evira Matos, was afforded

---

[1] Hogans initiated this action by filing a form Complaint for Employment Discrimination along with several supporting documents, including her submission to the EEOC; the EEOC's response to her claim; and her submission to the New York State Division of Human Rights. Under Federal Rule of Civil Procedure 12(b), "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (per curiam) (citation omitted); see Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). The instant Complaint thus includes Hogans' form complaint and all attached documents.

2

preferential treatment because, although Hogans did "80% of the work in that department," her employment was terminated and Matos took over Hogans' duties.  Second, Hogans claims that her "health problems were becoming bothersome to Dell Magazines/Penny Press."  Third, she claims that she was targeted by her coworkers with offensive comments about her health and education, as well as offensive behavior, including her coworkers' going through her personal belongings without permission.  Finally, Hogans states that on July 13, 2006, "at a boatride I met a new Dell employee and was told they never stopped profit sharing, bonuses or Christmas parties."

Hogans states that "the alleged discriminatory acts occurred on 8/4/04," the date her employment ended, and that the defendant "is not still committing these acts against me." Nonetheless, she waited nearly three years, until April 2007, to file a form complaint with the EEOC.  By letter dated April 30, 2007, the EEOC responded to Hogans' complaint and informed her that, "[u]nder all three of the statutes you invoked, a charge to be timely filed, must be filed with the EEOC within 300 days from notification of the alleged discriminatory act."  According to the EEOC, the clock on Hogans' discrimination claims began to run on the date her employment was terminated, and, therefore, her "charge is untimely filed and the EEOC consequently has no

legal jurisdiction to conduct an investigation into this matter."

The instant action was commenced with Hogans' filing of a form complaint for employment discrimination on August 3, 2007. Dell moved to dismiss on January 16, 2008,[2] arguing that Hogans' complaint was untimely filed because of her failure to raise her charges with the EEOC within 300 days of the alleged discriminatory conduct.[3]  On February 20, Hogans filed a form affirmation in opposition to defendant's motion.  Her affirmation states only that she "had seniority and . . . was the only person downsized from the company," and that her "health problems were becoming bothersome to" defendant.  It makes no reference to the timeliness of this action, nor does it dispute any of the arguments made by defendant in its motion.

DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), a trial court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of

---

[2]  There was substantial delay in service of the summons and complaint on Dell.  Service was effectuated on November 29, 2007, and Dell executed and returned the acknowledgement of service on December 27.

[3]  In connection with its motion to dismiss, Dell apprised Hogans of her rights as a pro se litigant opposing a Rule 12 motion supported by matters outside the pleadings.  It is not immediately clear to what matters outside the pleadings Dell is referring.  In any event, this Opinion relies solely on Hogans' complaint and the documents she filed along with it.

the non-moving party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted). At the same time, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006) (citation omitted). A court must apply a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). In deciding the motion, a court may consider "any written instrument attached to [the complaint] as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (citation omitted).

Before a plaintiff brings a Title VII, ADEA, or ADA suit in federal court, "the claims forming the basis of such a suit must first be presented in a complaint to the EEOC or the equivalent state agency." Williams v. New York City Hous. Auth., 458 F.3d

5

67, 69 (2d Cir. 2006) (citing 42 U.S.C. § 2000e-5); see also 29 U.S.C. §§ 626(d), 633(b) (setting out the procedural requirements for ADEA claims); 42 U.S.C. § 12117(a) (applying the procedural requirements of § 2000e-5 to ADA claims). This timeliness requirement "is analogous to a statute of limitations." McPherson v. New York City Dep't of Educ., 457 F.3d 211, 214 (2d Cir. 2006) (citation omitted). "It has long been settled that a claim of employment discrimination accrues for statute of limitations purposes on the date the employee learns of the employer's discriminatory conduct." Flaherty v. Metromail Corp., 235 F.3d 133, 137 (2d Cir. 2000).

Hogans' complaint makes clear that each act of discrimination she alleges occurred on or before August 4, 2004, the day her employment was terminated. Indeed, the injury she complains of is her termination, and so any discriminatory act must predate that event. She does not dispute that her complaint was filed with the EEOC well past the 300-day deadline, nor does she claim that the limitations period should be equitably tolled. Accordingly, the complaint is untimely and must be dismissed.

The only act Hogans identifies that postdates her firing is her discovery on July 13, 2006, that Dell "never stopped profit sharing, bonuses or Christmas parties." Hogans appears to offer this as evidence that Dell did not need to cut its workforce.

In any event, this date does not affect the timeliness of Hogans' discrimination claim because by August 4, 2004, she "knew or had reason to know of the injury serving as the basis for [her] claim," Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999), thus triggering the running of the 300-day period. Anything she might have learned about her former employer's current practices on July 13, 2006 was irrelevant to the allegedly discriminatory acts leading up to the termination of her employment.

CONCLUSION

Defendant's January 16, 2008 motion to dismiss is granted. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         March 18, 2008

                                              /s/ Denise Cote
                                            ―――――――――――――――――
                                                DENISE COTE
                                         United States District Judge

Copy mailed to:

Debra Denise Hogans  
1440 Freeport Loop, #15C  
Brooklyn, NY 11239

Aimee Sato  
McCarter & English, LLP  
245 Park Avenue, 27th Floor  
New York, NY 10167